IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

FILED

SEP 1 4 2005

MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> RANGER ENTERPRISES INC. and REOPCO, INC., <br><br> Defendants. | No. 05 C 50184 <br><br> COMPLAINT <br><br> JURY DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices based on religion and to provide appropriate relief to Margaret A. Levine ("Levine" or "Charging Party") who was adversely affected by such practices. Defendants Ranger Enterprises, Inc. ("Ranger") and Reopco Inc. ("Reopco") (collectively "Defendants") discriminated against Levine because of her religion, non-Christian/Jewish, by terminating her employment. Defendants also retaliated against her for resisting religious overtures and asking not to receive e-mails with religious content.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) and Section of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

2. The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the Northern District of Illinois, Western Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Ranger has been continuously doing business in the City of Rockford, State of Illinois, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Ranger has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g), and (h).

6. At all relevant times, Reopco has been continuously doing business in the City of Rockford, State of Illinois, and has continuously had at least fifteen (15) employees.

7. At all relevant times, Reopco has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g), and (h).

## STATEMENT OF CLAIMS

8. More than thirty (30) days prior to the institution of this lawsuit, Charging Party filed a charge with the Commission alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit against the Defendants have been fulfilled.

9. Since at least April 2003, Defendants engaged in unlawful employment practices

at its Rockford, Illinois offices, in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a). Such unlawful employment practices include, but are not limited to:

A. Discriminating against Levine because of her religion by terminating her employment.
B. Retaliating against Levine for resisting religious overtures.
C. Retaliating against Levine for asking not to receive e-mails with religious content.

10. The effect of the aforementioned practices of Defendants has been to deprive Levine of equal employment opportunities and otherwise adversely affect her status as employee because of her religion.

11. The unlawful employment practices complained of in Paragraph nine (9) above were and are intentional.

12. The unlawful employment practices complained of in Paragraph nine (9) above were and are done with malice or with reckless indifference to the federally protected rights of Levine.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A. grant a permanent injunction enjoining Ranger and Reopco, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of religion;

B. grant a permanent injunction enjoining Ranger and Reopco, their officers, successors, assigns, and all persons in active concert or participation with them, from retaliating against any employee who opposes discrimination or participates in any inquiry into a complaint of discrimination;

C.  grant a permanent injunction enjoining Ranger and Reopco, their officers, successors, assigns, and all persons in active concert or participation with them, from retaliating against any employee who declines to participate in religious activities in Defendants' work places, or who asks to be exempted from receiving religious communications in the work place ;

D.  order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities regardless of religion and which eradicate the effects of its unlawful employment practices, including without limitation, retaliation;

E.  order Defendants to make whole Levine by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph nine (9) above, in amounts to be determined at trial;

F.  order Defendants to make whole Levine by providing appropriate back pay with pre-judgment interest, in an amount to be determined at trial;

G.  order Defendants to make whole Levine by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in Paragraph nine (9) above, including emotional pain, suffering, and humiliation, in an amount to be determined at trial;

H.  order Defendants to make whole Levine by reinstating her to her former position;

I.  order Defendants to pay to Levine punitive damages for its malicious and reckless conduct, as described in Paragraph nine (9) above, in an amount to be determined at trial;

J.  order Defendants and its successors to provide training to its officers, managers and employees regarding religious harassment and retaliation in the workplace;

K.  grant such further relief as the Court deems necessary and proper in the public

interest; and

       L.      award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Equal Employment Opportunity
Commission
1801 "L" Street, N.W.
Washington, D.C. 20507

_____
John C. Hendrickson
Regional Attorney

_____
Gregory Gochanour
Supervisory Trial Attorney

_____
Ethan M. M. Cohen
Trial Attorney

Ethan M. M. Cohen
A.R.D.C. No. 06206781
EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
Chicago District Office
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 353-7568